UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN LOVE LUNDY,              :
                                :
   **Plaintiff**                    CIVIL ACTION NO. 3:20-1898
                                :
   v.                           :
                                :    (JUDGE MANNION)
COMMONWEALTH OF PA, *et al.*,   :
                                :
   **Defendants**                   :

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 12), of Magistrate Judge Schwab recommending that this civil rights action filed, *pro se,* by plaintiff Steven Love Lundy, who refers to himself as "Divine: Rose or Divine: Rose-El", be dismissed with prejudice. Plaintiff is an inmate at the State Correctional Institution Frackville serving his sentence of 21 to 60 months' imprisonment imposed by the Court of Common Pleas of Monroe County, PA. After plaintiff paid the filing fee, the court screened plaintiff's original complaint and found that it failed to state a cognizable claim. The court then granted plaintiff leave to file an amended complaint. Plaintiff filed his amended complaint on January 12, 2021, (Doc. 9). Judge Schwab then

screened the amended complaint pursuant to 28 U.S.C. §1915(e).[1] The instant report was filed on March 17, 2021. (Doc. 12).

On March 30, 2021, plaintiff filed objections to the report and recommendation. (Doc. 13). After having reviewed the record, the court will **ADOPT IN ITS ENTIRETY** the report and recommendation. Plaintiff's objections will be **OVERRULED**. Plaintiff's amended complaint, (Doc. 9), will be **DISMISSED WITH PREJUDICE** as to his federal claims.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**III.   DISCUSSION**

Plaintiff names 15 defendants in his amended complaint, including the Commonwealth of Pennsylvania, Monroe County Courthouse and Monroe County Correctional Facility, PA Department of Corrections, PA Board of Probation and Parole, as well as Monroe County judges and prosecutors in

the District Attorney's Office. He also names as defendants the Pocono Regional Police Department and three of its officers. Since the report specifically names all of the defendants, there are not re-stated herein. (Doc. 12 at 5).

Initially, as the report explains, plaintiff's amended complaint is not a proper pleading in clear violation for Fed.R.Civ.P. 8. Nor does plaintiff state the personal involvement of each one of his defendant's with respect to the alleged violations of his rights as required. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). As in Andersen v. Com. of PA, 2020 WL 9048845, *5 (M.D. Pa. Dec. 16, 2020), "[plaintiff's amended] complaint does little more than name [a] defendant in the caption of the case but fails to make specific intelligible factual allegations about [each] defendant in the body of this pleading", and "[such] cursory style of pleading is plainly inadequate to state a claim against [any] defendant and compels dismissal of the defendant[s]...." (citing Hudson v. City of McKeesport, 244 F.App'x 519 (3d Cir. 2007)).

Although "[p]leadings and other submissions by a *pro se* litigant are subject to liberal construction", Jackson v. Davis, 2014 WL 3420462, *9 (W.D. Pa. July 14, 2014) (citations omitted), "for Rule 12(b)(6) purposes, a

*pro se* complaint must still 'contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citations omitted).

Next, many of the named defendants are entitled to various types of immunity with respect to plaintiff's claims, such as 11th Amendment immunity, absolute judicial immunity, and prosecutorial immunity. *See* Andersen, 2020 WL 9048845, at *5-*7.

Additionally, similar to Andersen, *id*., plaintiff fails to state any proper claims against his various defendant governmental entities and officials, and his amended complaint "ignores the settled legal standards which govern institutional liability claims under federal civil rights laws", i.e., "[m]unicipalities and other local governmental entities or officials may not be held liable under federal civil rights laws for the acts of their employees under a theory of *respondeat superior* or vicarious liability." (citing in part Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978)).

Moreover, plaintiff impermissibly is attempting to hold Monroe County liable for his prosecution and conviction in state court, i.e., Monroe County Court, since "state court agencies, ..., are defined by statute as arms of the state courts, and are institutions of state government", and "individual counties cannot be held liable for the actions of state court judges, who are part of the unified state court system." *Id*. at *6 (internal citations omitted).

Plaintiff also asserts that he was unlawfully arrested and prosecuted by Pocono Mountain Police Department and its officers, that he was unlawfully prosecuted by staff of the Monroe County District Attorney's Office, that he was unlawfully convicted and sentenced by the County Judge, and that he is now being illegally confined in prison serving his 21-60 months sentence. As the report indicates, "[plaintiff] pleaded *nolo contendere* to Strangulation, a felony of the second degree, and was sentenced by Judge Zulick of the Court of Common Pleas of Monroe County to 21 to 60 months imprisonment." Thus, as the court in Andersen, *id*. at *7, explained, "the plaintiff seeks to bring a civil rights action premised on claims of malicious prosecution [and false arrest] despite the fact that []he has entered a *nolo contendere* plea in this case and was sentenced", and "[t]his []he cannot do." "[I]t is well-settled that an essential element of a civil rights malicious prosecution claim is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a malicious prosecution or false arrest claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law." *Id*. Further, there is no doubt that "under Pennsylvania law, [a *nolo contendere*] plea must be treated the same as a conviction under Heck." *Id*. at *8 (citing

United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004) ("[A] nolo plea is indisputably tantamount to a conviction....")).

Thus, plaintiff's allegations challenging his arrest and prosecution essentially amount to a malicious prosecution claim and it is barred by the "favorable termination" rule recognized in Heck v. Humphrey, 512 U.S. 477 (1994). No doubt that there must be a "favorable termination" for plaintiff in his underlying criminal proceeding regarding a malicious prosecution claim and, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009)).

The court also notes that insofar as plaintiff appears to claim his confinement in prison is unlawful and seeks release, such relief is only available through a writ of habeas corpus", after he exhausts all of his state court remedies. Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017).

Additionally, insofar as plaintiff seeks the court to order the commencement of federal criminal prosecution, the Third Circuit has held that a private person in a federal civil action could not seek to impose criminal liability on a defendant because he lacked standing to do so. *See* Conception v. Resnik, 143 Fed.Appx. 422, 425-26 (3d Cir. 2005) (citing U.S. v. Friedland,

83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")).

In short, as the report explains, all of plaintiff's federal claims fail to state any cognizable claim and are subject to dismissal.

Since plaintiff was already given one opportunity to amend his complaint and since the court finds that granting him further leave to amend would be futile, his federal claims will be dismissed with prejudice. *See* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Finally, as the report suggests, the court will decline to exercise its supplemental jurisdiction under 28 U.S.C. §1367(c)(3) over any state claims that plaintiff may be construed as raising since all of his federal claims are being dismissed. The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Here, there are no reasons which would justify the court's exercise of supplemental jurisdiction over any of plaintiff's state law claims he may be deemed as raising.

8

## IV. CONCLUSION

Accordingly, the report and recommendation of Judge Schwab, (Doc. 12), is **ADOPTED IN ITS ENTIRETY** with respect to all claims against all defendants. The plaintiff's amended complaint, (Doc. 9), is **DISMISSED WITH PREJUDICE** as to all of his federal claims. The court declines to exercise supplemental jurisdiction over any state claims that plaintiff may be construed as raising. The objections filed by plaintiff, (Doc. 13), to the report are **OVERRULED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 19, 2021**
20-1898-02